## HADLEY v. ELLIS.

(Court of Appeals of District of Columbia.  Submitted May 12, 1919.  Decided June 2, 1919.)

### No. 1204, Patent Appeals.

PATENTS ⊜⊸91(4) — REDUCTION TO PRACTICE — EXPANSIBLE BRACELET — EVIDENCE.

>    Evidence that the junior party to an interference proceeding made an expansible bracelet, which he threw away, etc., *held* to sustain concurrent findings of the Patent Office tribunals that there was no reduction·to practice, since the device is not so simple that its mere making, without some test of utility, is sufficient.

Appeal from the Commissioner of Patents.

Interference proceeding in the Patent Office between Fred S. Ellis and Art Hadley.  From a decision by the Commissioner of Patents in favor of Ellis, Hadley appeals.  Affirmed.

James H. Thurston, of Providence, R. I., and Charles D. Davis, of Washington, D. C., for appellant.
A. D. Salinger, of Boston, Mass., for appellee.

PER CURIAM.  This appeal is from the decision of the Commissioner of Patents in an interference proceeding awarding priority of invention to appellee, Ellis, for an invention relating to the manner in which the parts of an expansible bracelet are connected together, and includes the means for connecting the two parts of the guide links.

The issue is in three counts, of which count 1 is illustrative:

"1. In a bracelet, an interconnecting guide link and slide link, said guide link comprising a pair of trough-shaped members connected together at one end by an integral bridge and folded at said bridge to set opposite and spaced apart from each other, the free ends of said members being provided with extending portions folded one about the other to positively lock said free ends together, said extensions also serving as a crossbar for guiding the slide link, said slide link being slidably mounted between said trough-shaped members and a spring for normally retaining said links in contracted position."

The application of Ellis was filed November 4, 1912, on which patent issued November 24, 1914.  Hadley filed his application November 4, 1914.

While Ellis alleges·conception of the invention on June 15, 1912, he was properly held by the tribunals below to his filing date for constructive reduction to practice.  Hadley pitches his case upon an alleged reduction to practice in April, 1912.  He testified that he made a link at this time, and later a bracelet, which he showed to witnesses Kuehner·and 'Tost.  Tost·was a tool maker employed by the Hadley Jewelry Company.  Hadley relies upon this for a reduction to practice.  It does not appear that it was tested, and Hadley admits that the links were thrown away, and nothing further done with the device until the fall of 1912, after Ellis had come into the field.  As to

these links, Kuehner testified that he did not regard them as satisfactory, and that he told Hadley so.

The device in issue is not so simple that the mere making of it, without some test of its utility, will amount to reduction to practice. We therefore agree with the Commissioner that what Hadley did in 1912 amounted to merely an abandoned experiment. Conceding that Hadley had established conception of the invention in 1912, he spent the summer of that year perfecting an invention for Kuehner, and did nothing until after Ellis came into the Patent Office. Indeed, nothing was done toward making application for a year and a half, and then the application was not filed until the fall of 1914. The tribunals of the Patent Office were in agreement upon the issues of fact, and we find no occasion to interfere with their conclusions.

The decision of the Commissioner of Patents is affirmed, and the clerk is directed to certify these proceedings as by law required.