## MOCK v. JOHNSON.

(Court of Appeals of District of Columbia. Decided February 5, 1923. Rehearing Denied February 28, 1923.)

No. 1532.

1. **Patents ☞106(3)—Party last to conceive, but first to file, is senior party.**

The party to interference proceedings, who was the last to conceive, but the first to file, is the senior party, so that the burden of proof is on the other party.

2. **Patents ☞113(7)—Decision that party first to conceive had not reduced to practice or exercised diligence affirmed.**

In interference proceedings, where the party first to conceive was last to file, the concurrent finding of the three tribunals of the Patent Office that such party had not successfully reduced the invention to practice before the other application was filed, and was not exercising diligence when the other party entered the field, affirmed.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Appeal from the Commissioner of Patents.

Interference proceeding between Frank C. Mock and Chester F. Johnson. From a decision of the Commissioner of Patents, awarding priority to Johnson, Mock appeals. Affirmed.

Charles A. Brown and Arthur H. Boettcher, both of Chicago, Ill., for appellant.

Charles S. Grindle, of Washington, D. C., for appellee.

Before SMYTH, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

SMYTH, Chief Justice. This is an interference proceeding relating to an improvement in a carbureter designed to effect economy in the consumption of fuel by the motor to which it is applied. The issue involves three counts. We give count 1:

In a carbureter, a carbureting chamber having a throttle-controlled mixture outlet and air and fuel inlets, a constant level chamber supplying said fuel inlet with liquid fuel, and means operating with the throttle to control the pressure in said constant level chamber for restricting the flow of fuel upon intermediate suctions and permitting full flow on high suctions.

[1, 2] Johnson was the last to conceive, but the first to file. He is therefore the senior party, and the burden of proof is on Mock. The three tribunals of the Patent Office decided against the latter. They reviewed the evidence with much detail in their respective opinions, and made it very clear that the several attempts of Mock to actually reduce to practice were unsuccessful, and that he was not diligent when Johnson came into the field.

It would serve no useful purpose for us to travel over the same ground as that traversed by the tribunals by analyzing the testimony here. The opinions referred to are accessible to the parties, and that is enough.

No error appearing in the conclusion of the Commissioner, we affirm it.

Affirmed.