## CRABBS v. WARDELL.

Court of Appeals of District of Columbia.
Submitted March 18, 1927. Decided
May 2, 1927.

No. 1941.

1. **Patents ⬤⟹91(1)—In interference proceeding, junior party must prove priority.**

Junior party to interference proceeding has burden of proving priority.

2. **Patents ⬤⟹91(4)—Junior party to interference proceeding held entitled to priority of invention for prepared roofing.**

Junior party to interference proceeding, involving priority of patent for prepared roofing, *held* entitled to priority.

3. **Patents ⬤⟹90(4)—Patent for prepared roofing held not so simple as to excuse want of diligence in experimentation to determine practical utility.**

Invention of prepared roofing, involving a combination of asbestos and cattle hair, impregnated with an asphaltic waterproofing compound, *held* not so simple as to excuse want of diligence in experimentation to determine practical utility.

Appeal from Commissioner of Patents.

Patent interference proceeding between George D. Crabbs and Henry R. Wardell. From a decision of the Commissioner of Patents, awarding priority to the latter, the former appeals. Affirmed.

C. O. McKay, of Washington, D. C., for appellant.

L. B. Mann, of Chicago, Ill., and W. T. Estabrook, of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

MARTIN, Chief Justice. Appeal from an award of priority in an interference proceeding.

The invention relates to so-called ready to lay or prepared roofing, constructed of a sheet or body layer composed of mixed asbestos fiber and cattle hair impregnated with an asphaltic waterproofing compound, a layer of adhesive asphalt covering one side of the sheet, together with a layer of grit adhering thereto. The asbestos possesses the quality of resisting fire and heat, and the cattle hair admixed with it aids in the absorption of the waterproofing compound.

The two counts of the issue read as follows:

1. Prepared roofing of laminated structure, comprising a sheet composed of a mixture of asbestos fiber and cattle hair impregnated with an asphaltic waterproofing compound, a layer of adhesive asphalt covering the said sheet upon one side of the same, and a layer of grit adhering to and covering the said adhesive asphalt layer.

2. Prepared roofing of laminated structure, comprising a sheet composed of a mixture of mineral fibers and texture opening bodies impregnated with an asphaltic waterproofing compound, a layer of adhesive asphalt covering the said sheet upon one side of the same, and a layer of grit adhering to and covering the said adhesive asphalt layer.

[1, 2] The parties are both applicants, and both have taken testimony. The application of Wardell was filed on November 23, 1921; that of Crabbs on September 26, 1921. Wardell accordingly is the junior party, and the burden of proof rests upon him. The three tribunals of the Patent Office have entered concurrent decisions awarding priority to Wardell, and after a review of the record we agree with these decisions.

It appears from the evidence that Wardell conceived the invention in the month of January, 1921, and reduced it to practice not later than April, 1921; that this reduction consisted of constructing a piece of the described roofing, nailing it upon a test deck, and subjecting it to observation under the test of outdoor conditions; that promptly after the test was finished samples were distributed, and in April or May, 1921, orders were shipped to customers. It appears that Crabbs conceived the invention in October, 1919, which was prior to Wardell's conception; but Crabbs failed to show priority of reduction, or diligence in that behalf. A slab of the roofing was made by Crabbs, at a time not definitely established by the evidence; but no tests were made as to its qualities.

[3] Crabbs claims that the invention was so simple and manifest in character that no further experimenting was necessary. This claim, however, cannot be sustained, for the use of an asbestos cattle hair body layer was new in the art, and experimentation under varying weather conditions was necessary in order to ascertain the practical utility of the invention. Hadley v. Ellis, 49 App. D. C. 84, 258 F. 984; Mock v. Johnson, 52 App. D. C. 300, 286 F. 639; Fageol v. Lyon, 53 App. D. C. 361, 290 F. 336. Nothing more was done by Crabbs until August, 1921, by which time Wardell's assignee was making and selling the roofing in large quantities. This fact must certainly have come to the knowledge of Crabbs, and stirred him to activity. The evidence accordingly sustains the finding that, while Crabbs was prior in conception, he failed in reduction to practice, and lost his rights

by reason of his inactivity. Howard v. Bowes, 31 App. D. C. 619; Dreckschmidt v. Schaefer, 46 App. D. C. 295.

The decision of the Commissioner of Patents, awarding priority to Henry R. Wardell, is affirmed.